# IN THE SUPREME COURT, STATE OF WYOMING

# 2024 WY 83

**APRIL TERM, A.D. 2024**

**August 2, 2024**

BRADLEY M. SCHOFIELD,

Appellant
(Defendant),

v.

S-24-0043

DEBBIE S. SCHOFIELD,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable James Michael Causey, Judge*

*Representing Appellant:*
    *Nicklaus L. Dillinger, Lubnau Law Office, PC, Gillette, Wyoming.*

*Representing Appellee:*
    *DaNece Day, Day Law, LLC, Gillette, Wyoming.*

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Chief Justice.**

[¶1]    Bradley M. Schofield (Husband) appeals the district court's order denying his W.R.C.P. 60(b) motion for relief from a stipulated divorce decree. He contends the court erred in ruling his motion was untimely and barred by res judicata, and in rejecting his claim that the stipulated decree was void in part due to a mutual mistake. We affirm.

## *ISSUE*

[¶2]    Husband presents three issues on appeal, but we conclude the dispositive issue is whether the district court erred in rejecting Husband's claim that the stipulated divorce decree was void in part due to a mutual mistake.

## *FACTS*

[¶3]    Husband and Debbie Schofield (Wife) were married in 1979 and separated in May 2016. In June 2021, Wife filed a complaint for divorce. In August 2022, during property settlement negotiations, Wife's attorney sent Husband's attorney a proposed distribution of the parties' property. The proposal consisted of a spreadsheet listing the parties' assets, values for each asset, and the party requesting each asset. The spreadsheet did not explicitly identify the date of valuation, but the document was headed with only two dates, the date of marriage and the date of separation, May 20, 2016.

[¶4]    In September 2022, the district court entered a stipulated decree of divorce with an attached spreadsheet that detailed the assets awarded to each party. The spreadsheet was not identical to the one Wife's attorney proposed during settlement negotiations. It did not set values for each individual asset, and instead provided only a stipulated value for the total distribution to each party, with $918,619 in assets awarded to wife, and $918,495 to Husband.

[¶5]    On June 13, 2023, Husband filed a motion to enforce the decree's provision awarding him an account referred to in the asset distribution spreadsheet as the "Campco Account." He attached to the motion the written distribution of assets Wife had proposed during negotiations, which valued the Campco Account at $185,300.[1] He then asserted.

> 13.    Since the entry of the *Stipulated Decree*, [Wife] has
> failed to transfer ownership of the Campco account to

---

[1] Husband's motion contains a typographical error that states the value of the Campco Account was set at $183,300. On the proposed property distribution that Husband cites, the value is $185,300. Husband's error is repeated throughout his motion, and it was repeated in Wife's opposition to his motion. The district court used the correct value and throughout our discussion, we use the correct value.

1

[Husband].

14.     Further, on April 12, 2023, [Wife] for the first time alleges that [Wife] has not held a Campco account since August 2016.

15.     On May 1, 2023, [Wife] for the first time alleged the $18[5],300.00 had already been transferred to [Husband] and the value contained in the *Property Spreadsheet*, incorporated in the *Stipulated Decree* was previously set over to [Husband], and represented the value in May 2016.

[¶6]    Husband requested an order directing Wife to turn over the Campco Account, or in the alternative, to make a one-time transfer of $185,300 to Husband. He also requested an award of attorney fees.

[¶7]    On July 10, 2023, Wife filed an opposition to Husband's motion to enforce. She admitted Husband was awarded the Campco Account and that the account's value immediately after the parties' separation was $185,300. Wife asserted, however, that she had previously assigned any interest she had in the account to Husband and had authorized Campco to release any monies held in the account to Husband. She further asserted Husband had received the funds in full, prior to execution of their divorce agreement, when he transferred funds from the Campco Account on June 23, 2016. Wife attached to her opposition what purported to be a "Member Account History" of the Campco Account. The history showed a withdrawal of $182,989.40 on June 23, 2016, and an additional withdrawal of $2,344.96 on August 3, 2018, for a total withdrawal of $185,334.86. The withdrawals left the account with a zero balance.

[¶8]    Husband did not reply to Wife's opposition, and on August 10, 2023, following a hearing in which the district court heard argument and took offers of proof, the court denied Husband's motion to enforce. The court concluded that Husband failed to prove the account had not been turned over to him. In so concluding, the court found that the parties intended the valuation date for their property distribution to be the date of separation. The court further found as follows:

> The court also finds it persuasive that the value of the Campco account, as identified in [Wife's proposed property distribution], is nearly identical to the amount of money [Husband] withdrew from the Campco account on June 25, 2016. This strongly suggests [Husband] knew or should have known that the amount listed in [Wife's proposed property distribution] reflected the account balance as it was before the withdrawal. Furthermore, [Husband] never presented

2

evidence that would demonstrate a potential confusion that the $185,300 in [Wife's proposed property distribution] represented monies separate and distinct from the monies he previously withdrew.

[¶9] Husband did not appeal the district court's denial of his motion to enforce. Instead, on September 22, 2023, he filed a W.R.C.P. 60(b) motion seeking partial relief from the stipulated divorce decree. He claimed the parties were mutually mistaken as to what the $185,300 value of the Campco Account in the stipulated decree represented. He asserted Wife believed it reflected amounts Husband had already withdrawn from the account, and he believed it represented amounts to be paid after entry of the decree. He requested that the district court vacate the property distribution provisions of the stipulated decree and set the matter for a trial.

[¶10] Wife opposed Husband's motion, denying the existence of a mistake. The district court denied Husband's motion, ruling that the doctrine of res judicata barred the motion and Husband had unreasonably delayed in bringing the motion. The court further ruled:

> Finally, the court is not persuaded that a mutual mistake occurred. As more fully explained in the court's *Order Denying Defendant's Motion to Enforce Stipulated Decree of Divorce*, [Husband] knew (or should have known) the $185,300 in the Campco Account reflected the balance as it was before the withdrawal.

### STANDARD OF REVIEW

[¶11] "[W]e review a district court's decision to grant or deny a motion brought under W.R.C.P. 60(b)(1) for an abuse of discretion." *Van Vlack v. Van Vlack*, 2023 WY 104, ¶ 16, 537 P.3d 751, 756 (Wyo. 2023) (citing *Meiners v. Meiners*, 2019 WY 39, ¶ 9, 438 P.3d 1260, 1266 (Wyo. 2019)).

> A court abuses its discretion when it acts in a manner which exceeds the bounds of reason under the circumstances. The party who is attacking the trial court's ruling has the burden to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did.

*Rodriguez-Williams v. Johnson*, 2024 WY 16, ¶ 36, 542 P.3d 632, 641 (Wyo. 2024) (quoting *Kerbs v. Kerbs*, 2020 WY 92, ¶ 14, 467 P.3d 1015, 1019 (Wyo. 2020)).

3

## *DISCUSSION*

[¶12] Husband contends the district court erred in ruling that his W.R.C.P. 60(b)(1) motion was barred by res judicata and untimely, and in denying the motion on the merits. Because we can affirm the court's ruling on the merits, we need not address its alternate rulings on res judicata and the timeliness of Husband's motion. *Winney v. Jerup*, 2023 WY 113, ¶ 30, 539 P.3d 77, 86 (Wyo. 2023) ("[W]e have recognized that we may affirm a district court decision on any basis supported by the record.").

[¶13] A stipulated divorce decree is treated as a contract. *Van Vlack*, 2023 WY 104, ¶ 20, 537 P.3d at 757; *see also Pellet v. Pellet*, 2022 WY 65, ¶ 23, 510 P.3d 388, 397 (Wyo. 2022) (reviewing stipulated divorce decree for mutual mistake). Applying contract principles, Husband contends the property distribution under the decree was the product of mutual mistake and the district court abused its discretion in failing to grant him Rule 60 relief to void those provisions of the decree. We disagree.

[¶14] "A court may reform or cancel a contract that does not reflect the parties' true intentions due to a mutual mistake of fact." *Mantle v. N. Star Energy & Constr. LLC*, 2019 WY 29, ¶ 72, 437 P.3d 758, 784 (Wyo. 2019) (citing *Larson v. Burton Constr., Inc*, 2018 WY 74, ¶ 11, 421 P.3d 538, 543 (Wyo. 2018)). "A mutual mistake is one which is reciprocal and common to both parties with each party being under the same misconception as to the terms of the written instrument." *Mantle*, 2019 WY 29, ¶ 72, 437 P.3d at 784 (quoting *Hansen v. Little Bear Inn Co.*, 9 P.3d 960, 964 (Wyo. 2000)). "To establish a claim of mutual mistake, the proponent must prove three elements by clear and convincing evidence: (1) there was a prior agreement that the written instrument undertook to evidence; (2) a mistake occurred in the drafting of the instrument; and (3) there was no fraud or inequitable conduct on the part of a party." *Larson*, 2018 WY 74, ¶ 11, 421 P.3d at 543 (citing *Gumpel v. Copperleaf Homeowners Ass'n, Inc.*, 2017 WY 46, ¶ 75, 393 P.3d 1279, 1299 (Wyo. 2017)).

[¶15] Husband's Rule 60(b) motion did not allege that the parties were under the same misconception as to the terms of the stipulated decree and that a mistake occurred in its drafting. The motion instead asserted that the parties ascribed different meanings to a term included in the decree, with Wife understanding that the award of the Campco Account valued at $185,300 had been satisfied when Husband withdrew $185,334.36 from that account, and Husband believing he was somehow entitled to an additional $185,300 after the decree was entered. That is a dispute concerning the decree's interpretation, not an assertion of a mutual mistake. 27 *Williston on Contracts* § 70:6 (4th ed. May 2024 update) ("Mistakes in the interpretation of contractual terms are not the type of mistakes that warrant equitable intervention. In such cases, parties are not mistaken as to existing material facts but, rather, merely disagree as to the interpretation of their contract.").

4

[¶16] In ruling on Husband's motion to enforce the stipulated decree, the district court held that the parties intended the assets to be assigned their values as of the date of separation. The court further interpreted the award of the Campco Account to Husband as referencing the amounts Husband had previously withdrawn from the account. If Husband disagreed with the court's interpretation of the decree, he could have appealed; he instead filed a Rule 60(b) motion claiming a mutual mistake. On its face the motion did not meet the legal requirements of an allegation of mutual mistake, and the court did not abuse its discretion in denying the motion.

[¶17] Wife has asked this Court to award her costs and attorney fees for defending this matter as allowed by law. Under W.R.A.P. 10.05(a), costs are awarded as a matter of course to an appellee if the district court's decision is affirmed. Additionally, our law authorizes an award of attorney fees when necessary "to carry on or defend" an action brought for divorce. Wyo. Stat. Ann. § 20-2-111 (2023). We have relied on this provision as a basis to award attorney fees incurred in defending an appeal. *Johnson v. Johnson*, 2020 WY 18, ¶ 38, 458 P.3d 27, 40 (Wyo. 2020) (citing *Jensen v. Milatzo-Jensen*, 2014 WY 165, ¶ 25, 340 P.3d 276, 283 (Wyo. 2014)). Wife incurred fees responding to Husband's appeal from the denial of a Rule 60(b) motion that was not grounded in the law, and we therefore conclude that reimbursement of attorney fees is justified under Wyo. Stat. Ann. § 20-2-111. *See Johnson*, 2020 WY 18, ¶ 38, 458 P.3d at 40 (awarding attorney fees where mother necessarily incurred additional expense in defending against father's largely baseless challenges to district court's order).

## *CONCLUSION*

[¶18] The district court did not abuse its discretion in denying Husband's W.R.C.P. 60(b)(1) motion. We therefore affirm, and upon receipt of a statement of related costs and attorney fees, we will enter an order making an appropriate award to Wife under W.R.A.P. 10.05(a) and Wyo. Stat. Ann. § 20-2-111.